**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| AHMED R. RUCKER, #221-070, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-16-371 |
| | * |
| LT. GEORGE HARRISON II, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case is before the Court on remand from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which on August 7, 2017, affirmed in part and vacated in part the Court's October 31, 2016 Memorandum Opinion and remanded the case. *See Rucker v. Harrison*, No. 16-371, 2016 WL 6476938 (D. Md. Oct. 31, 2016), *vacated in part*, 694 Fed. App'x 203 (4th Cir. 2017). Upon remand, Defendant George Harrison II filed a Renewed Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, ECF No. 38, which Plaintiff opposed, ECF No. 41. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion is granted.

**I.   BACKGROUND[1]**

On February 9, 2016, then-self-represented Plaintiff Ahmed R. Rucker, who is currently incarcerated at Western Correctional Institution, a maximum security prison in Cumberland, Maryland, sued Lt. George Harrison II in his individual and official capacities. ECF No. 1 at 1.[2]

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

Rucker alleges that while he was incarcerated at Maryland Correctional Institution, a medium security prison in Jessup, Maryland, Harrison retaliated against Rucker for filing "several complaints . . . against [Harrison]." *Id.* at 4. These complaints stemmed from events that began in February 2015, when prison officials searched Rucker's cell and confiscated a contraband USB charger, which prison officials determined was a cell phone charger, and found a spot in which Rucker could conceal a cell phone. ECF No. 14-3 at 23–25. Rucker was subsequently placed on disciplinary segregation, and in April 2015 was placed on administrative segregation before being transferred to Western Correctional Institution. *Id.* Rucker alleges that after he filed a complaint regarding Harrison on April 20, 2015, Harrison "fabricated the paperwork necessary to place me on administrative segregation . . . ." ECF No. 1 at 4. Furthermore, Rucker alleges that Harrison "attempted to have me sent to Western Correction Institution on a couple different occasions" and that Rucker was ultimately transferred on September 9, 2015. *Id.* at 5. Rucker seeks declaratory relief regarding the constitutionality of Harrison's conduct, injunctive relief expunging Rucker's prison records regarding this incident, compensatory damages of $6.00/day from May 1, 2015, through the completion of this case for lost wages, and punitive damages in the amount of $15,000.00. ECF No. 5 at 1–2.

Harrison filed a Motion to Dismiss on July 21, 2016, ECF No. 14, which the Court granted on October 31, 2016, ECF No. 23. In dismissing Rucker's case, the Court reasoned that sovereign immunity barred Harrison from being sued in his official capacity, ECF No. 22 at 10, and that qualified immunity barred him from being sued in his personal capacity as a prisoner's right to be free from retaliation upon filing grievances of misconduct by prison officials was "not clearly established," *id.* at 12. Rucker appealed, ECF No. 24, and the Fourth Circuit affirmed in part and vacated in part the Court's decision. *Rucker*, 694 Fed. App'x 203. In its opinion, the

Fourth Circuit noted that following this Court's decision, the Fourth Circuit decided the case of *Booker v. South Carolina Dep't of Corrections*, 855 F.3d 533 (4th Cir. 2017), holding, in part, that as far back as 2010 prisoners possessed a clearly established constitutional right to be free from retaliation as a result of filing grievances against prison officials. *Id.* at 541–42. In light of the holding in *Booker*, the Fourth Circuit vacated the part of this Court's decision that granted qualified immunity to Harrison in his individual capacity. *Rucker*, 694 Fed. App'x at 204–205.

On remand, Rucker moved for and was appointed pro bono counsel. ECF No. 31, ECF No. 32. Harrison filed the now-pending Renewed Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, ECF No. 38, which Plaintiff opposed, ECF No. 41. Harrison argues that Rucker has failed to show that retaliation was the "actual motivating factor" for conduct taken by Harrison. ECF No. 38-1 at 7. Furthermore, Harrison argues that Rucker has "failed to identify any adverse impact or injury to his ability to exercise his protected rights from the alleged retaliation." *Id.* at 8. Harrison also points out that prison officials began considering a transfer of Rucker after they found a contraband USB cord in his cell on February 26, 2015, ECF No. 38-1 at 9, and that this undermines Rucker's retaliation claim, as Rucker's complaints regarding Harrison were filed on April 20, 2015. *Id.*

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Although Defendant's Motion is styled as a Motion to Dismiss or, in the Alternative, for Summary Judgment, as discussed below the Court will decide the Motion solely on the face of the Complaint and documents which are integral to the Complaint, and thus need not convert the Motion to a motion for summary judgment.

## III. DISCUSSION

The Court first considers whether it may consider any documents outside of Rucker's Complaint without converting Harrison's Motion to a Motion for Summary Judgment, and then

considers whether Rucker has sufficiently pleaded that he was retaliated against for filing a grievance against Harrison.

### A. Consideration of Documents

Although, as a general rule, extrinsic evidence should not be considered at the Rule 12(b)(6) stage, the Fourth Circuit has held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir. 1998). In *American Chiropractic Association v. Trigon Healthcare, Inc.*, the Fourth Circuit reasoned that "[t]he rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint— lack of notice to the plaintiff—is dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." 367 F.3d 212, 234 (4th Cir. 2004) (quotations omitted). The Fourth Circuit has previously cited with approval Second Circuit cases for the proposition that "a document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal quotation marks omitted) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). On the other hand, if the complaint includes only a few quotes from a document and the plaintiff's claims "do not turn on, nor are they otherwise based on, statements contained" in the extrinsic document, then the document is not integral to the complaint. *Id.* Courts in this Circuit have reasoned that an integral document is one that by its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011). As examples,

"courts have found integral the allegedly fraudulent document in a fraud action, the allegedly libelous magazine article in a libel action, and the documents that constitute the core of the parties' contractual relationship in a breach of contract dispute." *Id.* n.4.

Here, the Court considers at the 12(b)(6) stage the contents of Rucker's April 20, 2015 ARP complaint regarding Harrison. ECF No. 14-3 at 19–21. Rucker's Complaint "relies heavily upon its terms and effect," as he alleges that the ARP complaint led to Harrison's retaliatory conduct. Furthermore, there is no concern that Rucker lacks actual notice of this document; he himself is the author, the document was attached to Harrison's initial Motion to Dismiss and incorporated by reference into the now-pending Motion, and Rucker does not challenge the authenticity of this document. ECF No. 14-3. Thus, the Court will consider the contents of Rucker's ARP complaint as being integral to his Complaint.

### B. Sufficiency of Pleading

In *Booker*, the Fourth Circuit clarified that prisoners have a "right to file a prison grievance free from retaliation" as "established under the First Amendment." *Booker*, 855 F.3d at 545. To establish a claim of retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Importantly, "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone." *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996), *judgment vacated on other grounds*, 525 U.S. 802 (1998) (conclusory allegations of retaliation insufficient to state claim).

Where a plaintiff alleges that an act was taken in response to the exercise of a constitutionally protected right, the plaintiff must allege that "that (1)[he] engaged in protected First Amendment activity, (2) [the defendant] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and [the defendant's] conduct." *Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 499 (4th Cir. 2005). Regarding the second element, where "there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim." *ACLU of Md., Inc. v. Wicomico Cty, Md.,* 999 F.2d 780, 785 (4th Cir. 1993). *See also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000) (requiring proof "that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech" for a plaintiff to prevail on a First Amendment § 1983 retaliation claim). A court must determine whether the defendant's conduct would likely "deter a person of ordinary firmness from the exercise of First Amendment rights." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine*, 411 F.3d at 500). As "conduct that tends to chill the exercise of constitutional rights might not itself deprive such rights, . . . a plaintiff need not actually be deprived of [his] First Amendment rights in order to establish First Amendment retaliation." *Constantine,* 411 F. 3d at 500.

Regarding the third element, in order to establish a causal connection, "[t]he showing may be based on circumstantial evidence." *Germain v. Bishop*, No. TDC-15-1421, 2018 WL 1453336, at *14 (D. Md. Mar. 23, 2018). "[A] plaintiff in a retaliation case must show, at the very least, that the defendant was aware of [his] engaging in protected activity," *Constantine*, 411 F.3d at 501, and "that the retaliation took place within some 'temporal proximity' of that activity." *Germain*, 2018 WL 1453336, at *14 (quoting *Constantine*, 411 F.3d at 501).

7

Here, Rucker engaged in protected activity under the First Amendment when he filed ARP grievances regarding Harrison. *See, e.g.*, *Germain v. Bishop*, No. TDC-15-1421, 2018 WL 1453336, at *14 (D. Md. Mar. 23, 2018); *Clark v. Daddysman*, No. TDC-16-0921, 2018 WL 1453333, at *12 (D. Md. Mar. 22, 2018). Thus, he has sufficiently pleaded the first element of a retaliation claim.

As for adverse impact, in his Complaint, Rucker alleges that Harrison fabricated paperwork necessary to place him on administrative segregation, including that he "placed in [Rucker's] file that [Rucker had] introduced contraband into the institution . . . only after I'd filed my complaint,"[3] ECF No. 1 at 4, and that Harrison "attempted to have [Rucker] sent to Western Correctional Institution on a couple of different occasions, to no avail," *id.* at 5. Assuming these facts to be true, this conduct would likely "deter a person of ordinary firmness from the exercise of First Amendment rights." *Martin*, 858 F.3d at 249. Here, Rucker alleges that Harrison caused him to be segregated within the prison and then transferred to a higher security facility in response to Rucker's complaints, which resulted in his being unable to finish the educational program he was enrolled in and to lose his job in the prison; this would certainly chill the exercise of an individual's First Amendment rights. *See Hoye v. Gilmore*, 691 F. App'x 764, 765–66 (4th Cir. 2017) (in finding that prisoner had <u>not</u> been adversely impacted, distinguishing cases where a prisoner had been transferred to "a more dangerous section of a prison" or "placed in segregated housing" (citations omitted)).

Although he has sufficiently pleaded the first and second elements of a claim of retaliation, Rucker has not sufficiently pleaded a causal relationship between his First Amendment conduct and Harrison's allegedly retaliatory behavior. In his ARP complaint,

---

[3] In his ARP complaint, however, Rucker admits that he "underst[ood] that the cord was contraband and claimed ownership immediately." ECF No. 14-3 at 19.

8

submitted on April 17, 2015, Rucker explains that he became aware that Harrison "intended to transfer [Rucker] out of the institution" <u>prior</u> to the filing of Rucker's ARP complaint. ECF No. 14-3 at 20. Furthermore, the ARP complaint was submitted <u>while</u> Rucker was in segregation. *Id.* Thus, Rucker has not plausibly pleaded a causal relationship between his First Amendment conduct (the filing of the ARP complaint) and the allegedly retaliatory conduct (the decision to segregate him and then transfer him) which occurred before Rucker's complaint. As such, he has not pleaded a claim of retaliation.

## IV.     CONCLUSION

For the foregoing reasons, Harrison's Renewed Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, ECF No. 38, is granted. A separate Order shall issue.

Date: <u>June  25, 2018</u>                                                        <u>      /s/                                  </u>
                                                                                   GEORGE J. HAZEL
                                                                                   United States District Judge